## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------------                    Civil Action No.
```
**Rosalynd Medina and Jimmy Medina,**
**Individually and as Parents and Natural**
**Guardians of A.M.,**
 **a Minor,**

                        **Plaintiffs,**

**V.**

**Costco Wholesale Corporation and**
**Sun Products Corporation,**
                        **Defendants.**
```
-----------------------------------------------------------------
```

## COMPLAINT AND JURY DEMAND

The Plaintiffs, Rosalynd Medina and Jimmy Medina, Individually and as Parents and

Natural Guardians of A.M., a minor, submit this Complaint and Jury Demand against

Defendants Costco Wholesale Corporation and Sun Products Corporation for personal

injuries and damages suffered by their daughter, A.M., arising from defendants' design,

manufacture, marketing and sale of Kirkland Ultra Clean Detergent pods, which are

dangerously defective and pose an unreasonable risk of danger to young children, like

A.M., who has suffered long-term health problems as a result of exposure to Defendants'

product.  In support of this Complaint, Plaintiffs allege the following:

## PARTY PLAINTIFFS

1.  The Plaintiff, Rosalynd Medina, is a resident of the City of Boston, Commonwealth of

    Massachusetts, and the mother and natural guardian of her four-year-old daughter,

    A.M., who resides with her parents in Boston.

2.  The Plaintiff, Jimmy Medina, is a resident of the City of Boston, Commonwealth of Massachusetts, and the father and natural guardian of his four-year-old daughter, A.M., who resides with her parents in Boston.

3.  The minor Plaintiff, A.M., is a resident of the City of Boston, Commonwealth of Massachusetts, who resides with her parents in Boston.

4.  Plaintiffs Rosalynd and Jimmy Medina bring this action on behalf of their minor daughter, A.M, for personal injuries and damages arising from her exposure to Defendants' dangerously defective product, Kirkland Ultra Clean Detergent Pods, and also on their own behalf for loss of consortium and consequential damages resulting from the injuries suffered by their daughter.

## PARTY DEFENDANTS

5.  The Defendant, Costco Wholesale Corporation ("Costco"), is a corporation organized under the laws of the State of Washington, with its principal place of business at 999 Lake Drive, Issaquah, Washington. Costco is registered with the Massachusetts Secretary of State as a foreign corporation conducting business in the Commonwealth of Massachusetts; Costco has a registered agent in the City of Boston.

6.  At all relevant times, Defendant Costco has and continues to operate a chain of member-only warehouse stores where it distributes and sells consumer goods, including Kirkland Ultra Clean Detergent Pods. Costco has several such warehouse stores in the Commonwealth of Massachusetts.

7.  The Defendant, Sun Products Corporation ("Sun Products"), is a corporation organized under the laws of Delaware with its principal place of business at 60 Danbury Road, Wilton, Connecticut 06897.

8.  At all relevant times, Defendant Sun Products was in the business of designing, manufacturing, marketing and selling laundry detergent and related products, including Kirkland Ultra Clean Detergent Pods, which it provided to Costco to sell to consumers at its warehouse stores in the Commonwealth and elsewhere.

## STATEMENT OF JURISDICTION

9.  This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.

10. Venue lies in the District of Massachusetts as Plaintiffs are all domiciled in this District, and the Defendants distributed and sold Kirkland Detergent Pods to the Plaintiffs and other consumers through Costco warehouse stores in this District.

11. Personal jurisdiction over Costco exists by virtue of its presence in the Commonwealth of Massachusetts, where it regularly conducts business and operates several warehouse stores as a foreign corporation doing business in the Commonwealth.   Personal jurisdiction over Costco also exists pursuant to G.L. c. 223A, §3 (a) & (c); the Plaintiffs' claims arise out of Costco's sale of a defective consumer product in the Commonwealth and its causing tortious injury in the Commonwealth by acts and/or omissions inside the Commonwealth.  Costco regularly conducts or solicits business and derives substantial revenue from goods used or consumed in the Commonwealth of Massachusetts.  Jurisdiction over Costco exists under the Due Process Clause of the United States Constitution because Costco has the requisite minimum contacts with Massachusetts and the plaintiffs' causes of action arose out of those contacts.

12. Personal jurisdiction over Sun Products exists by virtue of its regular, persistent and

systematic shipment of large quantities of consumer products into the Commonwealth of Massachusetts, for sale at retail stores in the Commonwealth. Sun Products derives substantial revenue from goods sold, used and consumed in the Commonwealth of Massachusetts, including from products supplied to defendant Costco for sale in its warehouse stores. Personal jurisdiction over Sun Products exists pursuant to G.L. c. 223A, §3 (a), (b) & (d) in that the Plaintiffs' claims arise out of Sun Products' transaction of business in the Commonwealth, its contracting to supply goods in the Commonwealth, and causing tortious injury in the Commonwealth by acts and omissions outside the Commonwealth.   Sun Products conducts and solicits business in the Commonwealth and derives substantial revenue from used or consumed in the Commonwealth.   Plaintiff's claims arise directly from Sun Products' sale and distribution of a dangerously defective consumer product in the Commonwealth of Massachusetts. Jurisdiction over Sun Products exists under the Due Process Clause of the United States Constitution because Sun Products has the requisite minimum contacts with Massachusetts and the plaintiffs' causes of action arose out of those contacts.

### GENERAL ALLEGATIONS PERTAINING TO COSTCO AND SUN PRODUCTS

13. Defendant Sun Products is in the business of designing, manufacturing, marketing and selling Kirkland Ultra Clean Detergent Pods ("Kirkland Detergent Pods") and regularly supplies them to Costco for resale to consumers at their warehouse stores in the Commonwealth of Massachusetts and elsewhere, including the "Costco" warehouse store located at 200 Legacy Boulevard, Dedham, Massachusetts 02026.

14. Defendant Costco sells the Kirkland Detergent Pods as their Costco brand at their warehouse stores in the Commonwealth and elsewhere.

15. Defendant Sun products manufacturers detergent pods under different names, including Kirkland, All Mighty Pacs, Wisk Power Blasts and other Sun products.

16. In marketing, distributing and selling the Kirkland Detergent Pods, the Defendants, Costco and Sun Products, warranted that Kirkland Detergent Pods are merchantable and reasonably fit and suitable for their general purposes and intended, ordinary and foreseeable uses.

17. Kirkland and other brands of detergent pods contain highly concentrated toxic liquid detergent packaged in a water soluble membrane that dissolves when it comes into contact with moisture, such as water, wet hands or saliva.

18. Kirkland and other brands of detergent pods are packaged in small or "bite-size" colorful pods that are particularly attractive to children because they look like candy, toys or teething products.

19. When Kirkland and other brands of detergent pods are handled by children's wet hands or put in their mouths because they look like candy, the pods rapidly release the highly concentrated toxic detergent in an explosive manner, with the potential for ingestion, injury to the eyes, and inhalation into a child's airway and lungs.

20. Serious injuries from inhalation, ingestion and general exposure to the toxic contents of detergent can cause serious injuries, including, among others, loss of consciousness, vomiting, pulmonary injuries, severe irritation and ocular burns requiring hospitalization and long-term medical treatment.

21. In or around May 2012, the Center for Disease Control and the American Association for Poison Control Centers began to track reports of children being injured after exposure to laundry detergent pods. During May 2012 to June 2012, poison centers reported approximately 500 incidents of both adults and children being exposed to the toxic contents of laundry detergent pods.

22. In or around 2012, the Consumer Product Safety Commission ("CPSC") issued a warning about the potential dangers of laundry detergent pods through a CPSC Safety Alert advising parents and caregivers to lock up these laundry packets and keep them away from children.

23. On or around March 2013, the CPSC and the Australian Competition and Consumer Commission issued warnings concerning dangers associated with liquid laundry packets after receiving more than eighty-five calls from consumers adversely affected by the laundry detergent pods in the previous eighteen months.

24. Despite the warnings of the Center for Disease Control, the American Association for Poison Control Centers, the CPSC and the Australian Competition and Consumer Commission, Defendant Sun Products never changed its design or packaging of Kirkland Detergent Pods, and Defendant Costco continued to sell the product to consumers.

25. On or about August 2013, Plaintiff Rosalynd Medina purchased Kirkland Detergent Pods from the "Costco" warehouse store located at 200 Legacy Boulevard, Dedham, Massachusetts 02026.

26.  On or about August 29, 2013, the minor Plaintiff, A.M., was exposed to the toxic contents of Kirkland Detergent Pods when one exploded in her hands, face and mouth.

27. On or about August 29, 2013, minor Plaintiff A.M. was rushed to the emergency room at Boston Children's Hospital where she was admitted as a patient for four days and subsequently required long-term medical care for treatment of corneal abrasion, chemical pneumonitis, respiratory distress with upper airway swelling, obstructive sleep apnea, chronic changes in her lungs, feeding difficulties and reactive airway disease.

28. The minor Plaintiff, A.M., is still undergoing treatment as a result of the injuries she sustained from her exposure to the Kirkland Ultraclean Detergent Pods.

## <u>COUNT I</u>

## <u>PLAINTIFFS' CLAIM AGAINST DEFENDANT SUN PRODUCTS FOR NEGLIGENCE</u>

29. The Plaintiffs incorporate by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

30. Sun Products was negligent in its design, manufacture, marketing and sale of Kirkland Ultra Clean Detergent Pods in that:

    a.  As designed and manufactured, the pods, which contain highly concentrated toxic detergent, are prone to rupture when handled by children, who are attracted to the pods because of their size, color and overall design and their packaging;

    b.  The pods are dangerously defective and pose an unreasonable risk of harm to young children;

     c.   The pods are packaged and marketed with inadequate warnings; and

     d.   The pods are not reasonably fit for their ordinary and foreseeable uses.

31.  The negligence and wrongful conduct of the Defendant, SUN PRODUCTS, caused the Kirkland Detergent Pod to explode in A.M.'s hands, face and mouth and resulted in the injuries and damages suffered by the minor Plaintiff, A.M.

32.  As a result of the foregoing, Plaintiffs are entitled to recover all allowable elements of damages from the defendant, SUN PRODUCTS, in an amount that is just and appropriate to compensate them fully for the serious physical injuries of A.M., pain and suffering and mental anguish suffered, plus interest and costs.

     **WHEREFORE**, Plaintiffs demand judgment against the Defendant, SUN PRODUCTS, in an amount that is just and appropriate to compensate them for the injuries and damages sustained, plus interest and costs.

## COUNT II

### PLAINTIFFS' CLAIM AGAINST DEFENDANT SUN PRODUCTS FOR BREACH OF WARRANTY

33.  The Plaintiffs incorporate by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

34.  In marketing, distributing and selling Kirkland Detergent Pods for consumer purchase and use in the Commonwealth of Massachusetts, Sun Products warranted that the pods were free from defects, safe and reasonably fit for their ordinary and foreseeable uses.

35.  Sun Products breached its warranty by virtue of its design, manufacture, marketing and sale of Kirkland Ultra Clean Detergent Pods in that:

     a.   As designed and manufactured, the pods, which contain highly

concentrated toxic detergent, are prone to rupture when handled by children, who are attracted to the pods because of their size, color and overall design and their packaging;

b.  The pods are dangerously defective and pose an unreasonable risk of harm to young children;

c.  The pods are packaged and marketed with inadequate warnings; and

d.  The pods are dangerously defective and not reasonably fit for their ordinary and foreseeable uses.

36.  The breach of warranty and wrongful conduct of the Defendant, Sun Products, caused the Kirkland Detergent Pod to explode in A.M.'s hands, face and mouth and resulted in the injuries and damages suffered by minor Plaintiff, A.M.

37.  As a result of the foregoing, the Plaintiff is entitled to recover all allowable elements of damages from the defendant, Sun Products, in an amount that is just and appropriate to compensate them fully for the serious, physical injuries, of A.M., pain and suffering and mental anguish they have suffered, plus interest and costs.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, Sun Products, in an amount that is just and appropriate to compensate them for their injuries and damages sustained, plus interest and costs.

## COUNT III

## PLAINTIFFS' CLAIM AGAINST DEFENDANT SUN PRODUCTS FOR STRICT LIABILITY

38.  The Plaintiffs incorporate by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

39.  In marketing, distributing and selling Kirkland Detergent Pods for consumer

purchase and use in the Commonwealth of Massachusetts, Sun Products was required by law to distribute and sell only products that were free from defects, safe and reasonably fit for their ordinary and foreseeable uses.

40. Kirkland Ultra Clean Detergent Pods designed, manufactured, marketed and sold by Sun Products are dangerously defective in that:

    a. As designed and manufactured, the pods, which contain highly concentrated toxic detergent, are prone to rupture when handled by children, who are attracted to the pods because of their size, color and overall design and their packaging;

    b. The pods are dangerously defective and pose an unreasonable risk of harm to young children;

    c. The pods are packaged and marketed with inadequate warnings; and

    d. The pods are dangerously defective and not reasonably fit for their ordinary and foreseeable uses.

41. Defendant Sun Products' wrongful conduct in its design, manufacture, marketing, and distribution detergent pods caused the Kirkland Detergent Pod to explode in A.M.'s hands, face and mouth and resulted in the injuries and damages suffered by minor Plaintiff, A.M.

42. As a result of the foregoing, the Plaintiffs are entitled to recover all allowable elements of damages from the defendant, Sun Products, in an amount that is just and appropriate to compensate them fully for the serious, physical injuries, of A.M., pain and suffering and mental anguish they have suffered, plus interest and costs.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, Sun Products, in an amount that is just and appropriate to compensate them for their injuries and damages sustained, plus interest and costs.

## COUNT IV

## PLAINTIFFS' CLAIM AGAINST DEFENDANT COSTCO FOR NEGLIGENCE

43. The Plaintiffs incorporate by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

44. Costco was negligent in its marketing and sale of Kirkland Ultra Clean Detergent Pods in that:

   a. As designed and manufactured, the pods, which contain highly concentrated toxic detergent, are prone to rupture when handled by children, who are attracted to the pods because of their size, color and overall design and their packaging;

   b. The pods are dangerously defective and pose an unreasonable risk of harm to young children;

   c. The pods are packaged and marketed with inadequate warnings; and

   d. The pods are not reasonably fit for their ordinary and foreseeable uses.

45. The negligence and wrongful conduct of the Defendant, Costco, caused the Kirkland Detergent Pod to explode in A.M.'s hands, face and mouth and resulted in the injuries and damages suffered by the minor Plaintiff, A.M.

46. As a result of the foregoing, Plaintiffs are entitled to recover all allowable elements of damages from the defendant, Costco, in an amount that is just and appropriate to compensate them fully for the serious physical injuries of A.M., pain and suffering

and mental anguish suffered, plus interest and costs.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant,

Costco, in an amount that is just and appropriate to compensate them for the injuries

and damages sustained, plus interest and costs.

## COUNT V

## PLAINTIFFS' CLAIM AGAINST DEFENDANT COSTCO FOR BREACH OF WARRANTY

47. The Plaintiffs incorporate by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

48. In marketing, distributing and selling Kirkland Detergent Pods for consumer purchase and use in the Commonwealth of Massachusetts, Costco warranted that the pods were free from defects, safe and reasonably fit for their ordinary and foreseeable uses.

49. Costco breached its warranty by virtue of its marketing and sale of Kirkland Ultra Clean Detergent Pods in that:

    a. As designed and manufactured, the pods, which contain highly concentrated toxic detergent, are prone to rupture when handled by children, who are attracted to the pods because of their size, color and overall design and their packaging;

    b. The pods are dangerously defective and pose an unreasonable risk of harm to young children;

    c. The pods are packaged and marketed with inadequate warnings; and

    d. The pods are dangerously defective and not reasonably fit for their ordinary and foreseeable uses.

50. The breach of warranty and wrongful conduct of the Defendant, Costco, caused the Kirkland Detergent Pod to explode in A.M.'s hands, face and mouth and resulted in the injuries and damages suffered by minor Plaintiff, A.M.

51. As a result of the foregoing, the Plaintiff is entitled to recover all allowable elements of damages from the defendant, Costco, in an amount that is just and appropriate to compensate them fully for the serious, physical injuries, of A.M., pain and suffering and mental anguish they have suffered, plus interest and costs.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, Costco, in an amount that is just and appropriate to compensate them for their injuries and damages sustained, plus interest and costs.

## <u>COUNT VI</u>

## <u>PLAINTIFFS' CLAIM AGAINST DEFENDANT COSTCO FOR STRICT LIABILITY</u>

52. The Plaintiffs incorporate by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

53. In marketing, distributing and selling Kirkland Detergent Pods for consumer purchase and use in the Commonwealth of Massachusetts, Costco was required by law to distribute and sell only products that were free from defects, safe and reasonably fit for their ordinary and foreseeable uses.

54. Kirkland Ultra Clean Detergent Pods designed and manufactured by Sun Products and marketed and sold by Costco are dangerously defective in that:

   a. As designed and manufactured, the pods, which contain highly concentrated toxic detergent, are prone to rupture when handled by children, who are attracted to the pods because of their size, color and

overall design and their packaging;

b. The pods are dangerously defective and pose an unreasonable risk of harm to young children;

c. The pods are packaged and marketed with inadequate warnings; and

d. The pods are dangerously defective and not reasonably fit for their ordinary and foreseeable uses.

55. Defendant Costco's wrongful conduct in its marketing, distribution and sale of detergent pods caused the Kirkland Detergent Pod to explode in A.M.'s hands, face and mouth and resulted in the injuries and damages suffered by minor Plaintiff, A.M.

56.  As a result of the foregoing, Plaintiffs are entitled to recover all allowable elements of damages from the defendant, Costco, in an amount that is just and appropriate to compensate them fully for the serious, physical injuries, of A.M., pain and suffering and mental anguish they have suffered, plus interest and costs.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, Costco, in an amount that is just and appropriate to compensate them for their injuries and damages sustained, plus interest and costs.

<u>COUNT VII</u>
<u>PLAINTIFFS' CLAIM AGAINST DEFENDANTS COSTCO AND SUN
PRODUCTS UNDER MASS. GEN. L. C. 93A, §§ 2 & 9</u>

57. Plaintiffs incorporate by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

58. Defendants are engaged in trade or commerce in the Commonwealth of Massachusetts and were at all times relevant to the events described in this Complaint.

59. Defendants' breach of warranty constitutes a violation of G.L. c. 93A, § 2.

60. Plaintiffs served Defendants with demand letters pursuant to G. L. c. 93A, § 9 as a prerequisite to asserting this claim.

61. Defendants' willful and/or knowing withholding of important safety information regarding Kirkland Ultra Clean detergent pods constitutes a violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, which prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Defendants knew or should have known from the time it started marketing Kirkland Ultra Clean Detergent Pods that exposure to their highly concentrated toxic contents can cause chemical burns, gastrointestinal injuries, respiratory injuries, eye and skin injuries and inhalation exposures and pose a particularly unreasonable hazard to children because of the design and inherent dangerousness of the product.

62. Defendants failed to provide timely and adequate warnings and instructions to purchasers of Kirkland Ultra Clean Detergent Pods of the risk of serious injuries and death.

63. Defendants failed to redesign the pods and their packaging to reduce the risk of harm to children from exposure to the toxic contents of the pods.

64. Defendants actively, knowingly and fraudulently concealed its knowledge of Kirkland Ultra Clean Detergent Pods dangerous properties, and the health-threatening risks it posed to consumers.

65. The Defendants' failure to warn and provide necessary and appropriate instructions and warnings, and its continued and persistent sale of the dangerous pods, constitute

violations of c. 93A, §§ 2 & 9, and evidence Defendants' bad faith and unfair and deceptive practices.

66. As a direct and proximate result of Defendants' fraudulent, unfair and deceptive trade practices, and their willful or knowing failure to disclose and warn, the Plaintiffs use of the defective and unsafe product resulted in serious injury to the minor Plaintiff, all for which Plaintiffs seek damages as previously alleged and as permitted under G.L. c. 93A, § 9.

67. As a result of the foregoing, Plaintiffs are entitled to double or treble damages pursuant to G.L. c. 93A, § 9

**WHEREFORE**, the Plaintiffs, demand judgment against the Defendants, Costco and Sun Products, in an amount that is just and appropriate to compensate them for their injuries and damages sustained, plus interest and costs.

## COUNT VIII

## INDIVIDUAL PLAINTIFFS' CLAIMS AGAINST DEFENDANTS COSTCO AND SUN PRODUCTS FOR LOSS OF CONSORTIUM

68. The Plaintiffs incorporate by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

69. As a direct and proximate result of the wrongful conduct as alleged in the preceding allegations, the individual Plaintiffs have suffered a loss of their daughter's full comfort, companionship, society and consortium.

70. As a result of the foregoing, the Plaintiffs, individually, are entitled to recover all allowable elements of damages from the Defendants, Costco and Sun Products, in an amount that is just and appropriate to compensate them fully for their loss, plus interest and costs.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, Costco and Sun Products, in an amount that is just and appropriate to compensate them for their injuries and damages sustained, plus interest and costs.

## COUNT IX

### INDIVIDUAL PLAINTIFFS' CLAIMS AGAINS COSTCO AND SUN PRODUCTS FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

71. The Plaintiffs incorporate by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

72. As a direct and proximate result of the wrongful conduct as alleged in the preceding allegations, the individual Plaintiffs have suffered serious emotional distress and mental anguish.

73. As a result of the foregoing, the Plaintiffs, individually, are entitled to recover all allowable elements of damages from the Defendants, Costco and Sun Products, in an amount that is just and appropriate to compensate them fully for their loss, plus interest and costs.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, Costco and Sun Products, in an amount that is just and appropriate to compensate them for their injuries and damages sustained, plus interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against the Defendants on each of the above-referenced Causes of Action as set forth and requested above, and as follows:

A. Awarding compensatory damages on behalf of the minor Plaintiff for past and future damages, including, but not limited to, pain and suffering for severe and permanent personal injuries, health care costs, disfigurement, and all recoverable elements of damages provided by law, together with interest and costs;

B.  Awarding compensatory damages for the individual claims of the adult Plaintiffs for loss of consortium and emotional distress, together with interests and costs;

C.  Awarding double or treble damages for unfair and deceptive trade practices under the Massachusetts Consumer Protection Law;

D.   Awarding reasonable attorneys' fees and costs to the Plaintiffs as provided by law; and

E.  Granting all such other relief as the Court deems necessary, just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS**

Dated:  August 17, 2016

BY PLAINTIFFS' ATTORNEYS,

By: _____/S/ Anthony Tarricone
    Julie Ferraro, BBO No. 665364
    Anthony Tarricone, BBO No. 492480
    KREINDLER & KREINDLER LLP
    855 Boylston Street
    Boston, MA 02116
    T: (617) 424-9100
    F: (617) 424-9120
    jferraro@kreindler.com
    atarricone@kreindler.com